what sum—the judge makes no intimation to you whatever as to what amount that might be; that is wholly for you to determine," was not erroneous for any reason assigned.

6. The assignment of error on the form of the verdict, and the complaint that the verdict was written on the wrong paper, which paper was sent out with the jury when they retired to find a verdict, does not, under the facts, show cause for a new trial, the verdict having been returned into open court and having within the term been ordered by the judge to be entered upon the minutes of the court. *Shuman* v. *Smith,* 100 *Ga.* 415, 417 (28 S. E. 448). See also *Erskine* v. *Wiggins,* 58 *Ga.* 186; *Knowles* v. *Williams,* 62 *Ga.* 316; *Smith* v. *Camp,* 84 *Ga.* 117, 124 (10 S. E. 539).

*Judgment affirmed. All the Justices concur.*

SMITH *et al. v.* McCRANIE *et al.*

GILBERT, Justice. The exception is to a judgment overruling general and special demurrers to a petition seeking to enjoin the taking of turpentine on land alleged to be the property of the petitioners. The demurrers raise the objection that no cause of action is set forth; that the petition does not allege insolvency of the defendant, and does not sufficiently allege that the damages are irreparable; and that the notice given the defendants by the processioners of their intention to run anew the original land lines between the property of the petitioners and the defendants, who were adjacent landowners, was insufficient, in that the notice was served on February 5, stating that the lines would be run on February 15, it being contended that such notice was not given as required by the Code, § 85-1605. *Held,* that the court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*

No. 11420. JUNE 13, 1936.

*Corbitt & Sumner,* for plaintiffs in error.
*McDonald & Baker,* contra.